# EXHIBIT A

**Subpoena to Produce Documents**

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re Cayman Investment Funds Master SPC (In Official Liquidation), *et al.*,

Case No.  24-16273 (EPK) (Jointly Administered)

Foreign Debtors.

Chapter  15

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Jacob Gitman

*(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒  *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE (if not produced electronically) | DATE AND TIME |
|---|---|
| DLA Piper LLP (US) | September 3, 2024, at 10:00 a.m. (EDT) |
| 200 South Biscayne Boulevard | |
| Suite 2500 | |
| Miami, FL 33131 | |
| (Attn: Rachel Nanes and Nicole McLemore) | |

*(See attached description of documents, electronically stored information, or objects)*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 2, 2024

CLERK OF COURT

OR

_____          */s/ Rachel Nanes*_____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, email address, and telephone number of the attorneys representing Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators (in this capacity, jointly and severally, the "Foreign Representatives") of Cayman Investment Funds Master SPC (in Official Liquidation) and Cayman Investment Funds SPC (in Official Liquidation) who issues or requests this subpoena: Rachel Nanes, Esq. and Nicole McLemore, Esq., 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, (305) 423-8500, rachel.nanes@us.dlapiper.com and nicole.mclemore@us.dlapiper.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

LF-84 (rev. 12/01/21)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# EXHIBIT 1

**Document Requests**

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

**I.**     **Definitions.**

The following definitions apply to each of the document requests (the "**Document Requests**") set forth herein and are deemed to be incorporated in each of said Document Requests.

A.   "**All Documents**" means every document within the custody, possession or control of the person or entity to whom a Document Request is directed, and/or its attorneys, representatives, employees and/or agents, whether an original or copy, known to You and every such document or writing which You can locate or discover by reasonably diligent efforts.  If the requested documents are known by You to exist but are not in Your possession or control, it is requested that You so indicate or produce documents that show the name of the person or entity who retains custody of the documents.

B.    "**Alliance Metals**" means Alliance Metals LLC.

C.   "**And**" shall mean and/or.

D.   "**Bankruptcy Court**" shall mean the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division, before which the Foreign Debtors' chapter 15 cases are jointly administered and pending under *Cayman Investment Funds Master SPC (In Official Liquidation)*, Case No. 24-16273 (EPK).

E.   "**Communication**" or "**Communications**" means all hardcopies and electronic copies of all oral and written communications of all kinds, including, but not limited to, e-mails, letters, text messages, tweets, telegrams, exchanges of written or recorded information, face-to-face meetings, telephone conversations and documents that memorialize such meetings and conversations.

F.   "**Concerning**" means relating to, referring to, regarding, describing, evidencing or constituting.

G.   "**Document**" or "**Documents**" is used in its broadest sense and is synonymous in meaning and scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, studies, speeches, calendars or diary entries, minutes, pamphlets, writings, drawings, graphs, charts, photographs, video or audio recordings, tabulations, data compilations facsimile transmissions or other data compilations, from which any intelligence can be perceived or information can be obtained, with or without the use of detection devices (including all non-identical drafts, copies or reproductions thereof), including information stored electronically in computer or any media, which are in your possession, custody or control.

H.  "**Foreign Debtors**" means the foreign debtors in the chapter 15 cases filed in the Bankruptcy Court captioned *In re Cayman Investment Funds Master SPC (In Official Liquidation), et al.*, Case No. 24-16273 (EPK) (Jointly Administered).

I.  "**Foreign Representatives**" means Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators (in this capacity, jointly and severally) of Cayman Investment Funds Master SPC (in Official Liquidation) and Cayman Investment Funds SPC (in Official Liquidation) under section 131 of the Cayman Islands Companies Act (2023 Revision) in an official liquidation proceedings pending before the Grand Court of the Cayman Islands, Financial Services Division Cause Nos. 340 and 341 of 2023 (RPJ).

J.  "**Including**" means "including, but not limited to."

K.  "**Or**" shall mean and/or.

L.  "**Technocon**" means Technocon International, Inc.

M.  "**You**" and "**Your**" means Jacob Gitman, and his respective attorneys, agents, affiliates, employees, consultants, accountants and any other representative as the context may require.

N.  The singular includes the plural, and the plural includes the singular.  The masculine includes the feminine and the neutral genders.  The phrases following "including" are intended to illustrate the kinds of matters that we believe are responsive to the Document Request.  Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the Document Request.

O.  The terms "**relate**" or "**relate to**" or "**relating to**" as used herein mean refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, establish, describe, comment upon, reflect, identify, state or in any way relevant to the subject matter stated.

## II.    Instructions.

1.    Documents are to be produced in full.  If any part of a document is responsive to any request, the whole document is to be produced.

2.    Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it must be produced.

3.    If any documents responsive to any Document Request have been lost, mutilated, destroyed, or are no longer within Your possession, so state and identify each such document; the Document Request to which Document Request(s) the document

would have been responsive; the subject matter of the document; the last date on which the document was not lost, mutilated, destroyed, or no longer within Your possession; the person(s) or entity(ies), if any, now in control of the document (if applicable); the reasons for Your release of the document (if applicable); any individual who are believed to have knowledge of the circumstances surrounding the disposition of the document in question; and explain how the document came to be lost, mutilated, destroyed, or no longer in Your possession.

4.    If there are no documents in Your possession, custody or control which are responsive to a particular Document Request, so state and identify such Document Request.

5.    In responding to these Document Requests, You must make a diligent search of Your records and of other papers and materials in Your possession or available to You or Your representatives.  If these Document Requests cannot be complied with in full, comply to the maximum extent possible and specify the reason for Your inability to comply with the remainder.

6.    Unless specifically noted otherwise, the "Relevant Period" for these Document Requests shall be from April 27, 2018 until the date upon which the responses thereto are due, and as may be later supplemented, in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, as may be applicable.

7.    Documents responsive to this subpoena shall be produced as they are kept in the ordinary course of business or in an orderly manner, and with appropriate markings or other identification so that the Foreign Representatives and their attorneys are able to identify the source of the documents and the Document Request(s) to which they respond.  Distinct documents should not be merged into a single record, and single documents should not be split into multiple records.  In the event any file or document has been removed for the purposes of this action or for some other purpose, please state the name or address of the person who removed the file or document, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file or document.

8.    Documents should be produced in their native format and/or searchable format with any metadata preserved, and produced electronically, preferably via email or electronic transfer, addressed to counsel for the Foreign Representatives.

9.    Each page or sheet produced should be marked with identification and consecutive document control numbers ("**Bates**" numbers).

10.    If a claim of privilege is asserted to any document or tangible thing requested to be produced herein, such documents shall be sufficiently described in connection with such claim.  A document or tangible thing is sufficiently described for this purpose if the following information is provided:

(a)    The nature of the privileged claim;

(b)     In the case of a document, the approximate date on which the document was prepared, its title, the type of document (e.g., letter, memo, etc.) and its author;

(c)     In the case of a tangible thing, the date the thing came into Your possession and the generic or trade name of the thing;

(d)     The name and position of each person, other than attorneys representing You in connection with this lawsuit, to whom the contents of the document or the characteristics of the tangible thing have been communicated by copy, exhibition, reading or substantial summarization; and

(e)     A brief description or summary of the contents and/or characteristics of the document or tangible thing sufficient to explain the subject matter and the privilege involved.

11.     The documents and tangible things produced pursuant to the Document Requests shall be segregated according to the paragraphs and subparagraphs pursuant to which they are produced.

12.     These Document Requests are directed to You with respect to documents in Your possession or custody or subject to Your control.  You have an obligation and duty to respond fully and separately as to each of the following Requests.

13.     With respect to any document that is requested pursuant to a Document Request, each document that is attached by staple, clip or otherwise to a document, the production of which is requested herein, shall also be produced (attached in the same manner as the original) regardless of whether production of that document is otherwise requested herein.

14.     If more than one copy of any requested document is in Your possession, custody or control, produce each copy that in any way differs from any other copy, including, without limitation, differences caused by writings placed thereon by any person, numbers of pages comprising the document, or documents attached thereto by staple, clip or otherwise.

15.     These Document Requests shall be deemed to be continuing in nature and require any responses to these requests, including any documents or tangible things provided pursuant to these Document Requests, which are later found to be incorrect or incomplete, or to have been incorrect or incomplete because of changed circumstances, to be corrected and completed by means of supplementary responses.  Unless otherwise specified, each Document Request calls for documents, or tangible things, through the date on which the response is served.

16.     We reserve all rights to expand or supplement all requests for information and the documents and communications set forth herein.

17.     At a future date, we may also subpoena You for depositions and/or trial testimony.

## <u>DOCUMENT REQUESTS</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**   Please produce All Documents and Communications relating to director resolutions and shareholder resolutions of Technocon and Alliance Metals for the Relevant Period.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**   Please produce All Documents, Communications, and any other materials prepared in connection with Technocon and Alliance Metals' board meetings and shareholder meetings, including meeting minutes, for the Relevant Period.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**   Please produce All Documents and Communications relied upon in connection with the performance of all current and former roles held by You in Technocon and Alliance Metals, during the Relevant Period, including any roles held by You via entities under Your management and control.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**   Please produce All Documents and Communications relating to Your appointment, compensation and resignation from any current and former roles held by You in Technocon and Alliance Metals, including roles held by You via entities under Your management and control.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**   Please produce All Documents and Correspondence relating to any agreements, transactions or transfers between the Foreign Debtors, Alliance Metals and Technocon.

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**   Please produce All Documents and Correspondence relating to any transactions between You and Technocon and You and Alliance Metals, during the Relevant Period including transactions via entities under your management and control.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>** Please produce for the Relevant Period All Documents and Communications with Mr. Dennis Klemming and any and all representatives of the Foreign Debtors, including, but not limited to: (i) U.S. Investment Manager, LLC, (ii) Prudent Group, (iii) Prudent Investimentos Ltda, (iv) Mr. Niklas Klemming, (v) Mr. Gareth Williams and (vi) Mr. Richard Reich; and make full disclosure of Your relationship (including duration of Your relationship) with each of the aforementioned individuals and entities for the period prior to and during the Relevant Period.