UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>CAYMAN INVESTMENT FUNDS MASTER SPC (IN OFFICIAL LIQUIDATION), *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-16273 (EPK)<br><br>(Jointly Administered) |

MOTION OF THE FOREIGN REPRESENTATIVES
TO COMPEL PRODUCTION OF DOCUMENTS BY DENNIS KLEMMING

Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators (in this capacity, jointly and severally, the "**Foreign Representatives**") of Cayman Investment Funds Master SPC (in Official Liquidation) (the "**Master Fund**") and Cayman Investment Funds SPC (in Official Liquidation) (the "**Feeder Fund**", together with the Master Fund, the "**Foreign Debtors**" or "**Funds**") under section 131 of the Cayman Islands Companies Act (2023 Revision) in official liquidation proceedings pending before the Grand Court of the Cayman Islands, Financial Services Division Cause Nos. 340 and 341 of 2023 (RPJ) (the "**Cayman Proceedings**"), by their undersigned counsel, respectfully submit this Motion, seeking to compel Dennis Klemming ("**Mr. Klemming**") to produce documents under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 45 of the Federal Rules of Civil Procedure (the "**Rules**"), and sections 105 and 1521 of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Motion, the Foreign Representatives respectfully state as follows:

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's identification number, are: Cayman Investment Funds Master SPC (6367) and Cayman Investment Funds SPC (6368). The location of the Debtors' service address for the purpose of these chapter 15 cases is: 3rd Floor, 90 North Church Street, George Town, Grand Cayman, Cayman Islands, KY1-1102.

## RELEVANT BACKGROUND

1. On July 24, 2024, this Court entered the *Unopposed Order (I) Granting Motion of the Foreign Representatives for Chapter 15 Recognition and Related Relief and (II) Cancelling Hearing* [ECF No. 25] (the "**Recognition Order**") granting recognition of the Cayman Proceedings in the territorial jurisdiction of the United States.

2. On August 8, 2024—nearly three months ago—the Foreign Representatives served Mr. Klemming with the *Notice of Rule 2004 Examination Duces Tecum Directed to Dennis Klemming* [ECF No. 37] and the *Notice of Rule 2004 Examination Duces Tecum Directed to U.S. Investment Manager, LLC* [ECF No. 38] (the "**2004 Notices**") and related subpoenas (the "**2004 Subpoenas**", and together with the 2004 Notices, the "**Document Requests**").  Mr. Klemming is a director of the Master Fund and the Feeder Fund and the Chair of U.S. Investment Manager, LLC ("**Investment Manager**") which holds 100% of the management shares of the Funds and has the discretion and authority to manage, invest and reinvest the assets of the Funds in accordance with an investment management agreement between the Funds and Investment Manager.  The Foreign Representatives understand that consistent with those roles, Mr. Klemming has unique access to the books, records and other documents related to the investment activities of the Funds.  Moreover, the Foreign Representatives understand that Investment Manager currently has no employees and Mr. Klemming is likely the only person with access to the electronic records of the Funds and Investment Manager.

3. The 2004 Subpoenas set a deadline of September 6, 2024, to produce information responsive to the Document Requests.

4. On August 29, 2024, Mr. Klemming provided the Foreign Representatives a DropBox link and indicated that he required two to three weeks to locate additional documents

(collectively, the "**Productions**").  On September 10, 2024, Mr. Klemming provided the Foreign Representatives three additional scanned files including emails.  Mr. Klemming did not lodge any objections to the Document Requests, raise any privileges, or assert any ground for not producing documents in response to the Document Requests.

5. Mr. Klemming did not identify documents in the Productions or indicate which documents were responsive to each Document Request.  He also did not indicate whether he was able to locate all documents responsive to each Document Request.

6. After reviewing the Productions, the Foreign Representatives determined that the Productions were either unresponsive to the Document Requests or incomplete.  As a result, on October 4, 2024, the Foreign Representatives sent Mr. Klemming the deficiency letter attached to this Motion as **Exhibit A** (the "**Deficiency Letter**") identifying deficiencies of the Productions.  A summary of the deficiencies of the Productions is set forth at **Exhibit B**.

7. Schedule 1 of the Deficiency Letter contained search terms and protocols to aid Mr. Klemming's identification and collection of relevant electronically stored information ("**ESI**") and documents.  The Deficiency Letter also contained a request to meet and confer regarding the Document Requests and ESI terms.

8. On October 12, 2024, Mr. Klemming provided counsel to the Foreign Representatives with a list purporting to organize the documents produced in the Productions and requesting that the Foreign Representatives identify documents they believe to be missing.

9. On October 17, 2024, counsel for the Foreign Representatives met with Mr. Klemming via telephone regarding the Productions.  During that discussion, Mr. Klemming indicated that he did not have the ability to run the ESI searches.  Further, Mr. Klemming did not agree to permit the Foreign Representatives' ESI vendor to perform the searches on his devices.

3

10. At the conclusion of the October 17, 2024 call, Mr. Klemming requested, and the Foreign Representatives granted, a one-week extension to produce additional documents and consider allowing a third-party discovery vendor to run the ESI searches on his electronic devices.

11. On October 21, 2024, Mr. Klemming met with the Foreign Representatives by telephone. During that conversation, the Foreign Representatives again explained the deficiencies of the Productions and again requested that Mr. Klemming provide all documents responsive to the Document Requests.

12. On October 25 and 29, 2024, Mr. Klemming produced thousands of pages of Portuguese-language documents which appear to relate to underlying investments held by investment vehicles in Brazil in which the Funds may have an indirect beneficial interest. Mr. Klemming also produced policy and procedure manuals relating to administration and consulting services provided by certain entities related to the Funds and managed by Mr. Klemming (collectively, the "**Prudent Group**") to investment vehicles in Brazil. None of the policy and procedure manuals appear to be responsive to the Document Requests. Mr. Klemming did not identify the Discovery Request to which each document is purported to relate, confirm the completeness of any Document Request or respond to the Foreign Representatives' request to conduct ESI searches.

13. Although Mr. Klemming has produced over 1,000 documents, the Productions are overwhelmingly unresponsive and limited to documents selected by Mr. Klemming. As a result, the majority of the documents are entirely irrelevant or only partially responsive. Significantly, due to the scattershot and disorganized nature of the Productions, the Foreign Representatives have also expended substantial time and resources determining whether the documents produced are

even responsive to any of the Document Requests. A summary of Mr. Klemming's Productions[2] is included below:

| Date | Production Content |
|---|---|
| August 29, 2024 | - One Dropbox link containing 26 folders. Mr. Klemming did not provide any description of the documents produced or attempt to associate any document with any Document Request. |
| September 10, 2024 | - Three PDFs containing scanned copies of various emails (109 pages in total) that appear to omit key information, including portions of email threads. |
| October 23, 2024 | - One Excel document related to certain legal proceedings involving underlying investments held by investment vehicles in Brazil in which the Funds have no involvement. |
| October 25, 2024 | - Two Google Drive links and eleven documents purporting to provide information with respect to transactions and legal disputes in Brazil involving various underlying companies and an investment vehicle in which the Funds may hold an indirect beneficial interest. Upon preliminary review, the documents are in Portuguese and will require translations before they can be assessed for responsiveness and relevance. |
| October 29, 2024 | - Four PDF documents purporting to show due diligence processes with respect to transactions in Brazil. The documents are in Portuguese and will require translations before they can be assessed for responsiveness and relevance. Documents appear to relate to policies and procedures for administration and consulting services provided by other Prudent Group related companies to investment vehicles in Brazil.<br>- Eleven Google Drive links that Mr. Klemming indicated are documents that span "across the underlying transaction cycles and cover a multitude of aspects, documentation requirements, formalization process, various control functions, juridical [sic] collection related process and procedure." Upon preliminary review, the documents are in Portuguese and will require translations before they can be assessed for responsiveness and relevance, however they appear to be policies and procedures manuals relating to administration and consulting services provided by other Prudent Group related companies to investment vehicles in Brazil and do not appear to relate to the direct activities of the Funds. |

---

[2] On October 12, 2024, Mr. Klemming emailed the Foreign Representatives with a summary purporting to explain how the Productions responded to the Document Requests. The details of Mr. Klemming response are included in the summary of deficiencies attached hereto as Exhibit B.

5

**RELIEF REQUESTED**

14. By this Motion, the Foreign Representatives request that the Court enter an order (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) directing Mr. Klemming to provide the Foreign Representatives' ESI vendor with access to servers, workstations, and any other potentially relevant receptacles for storing ESI, including electronic devices (i.e., computer, laptop, tablet, and smart phone) (together, the "**Sources of Documents**") to locate and identify responsive documents, and (iii) granting such other and further relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

15. Bankruptcy Rule 2004 permits the examination of any entity with respect to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004. Discovery under Bankruptcy Rule 2004 is, by its "nature extremely broad, and [is] allowed for the 'purpose of discovering assets and unearthing frauds.'" *In re Pan Am. Hosp. Corp.*, No. 04-11819-BKC-AJC, 2005 WL 2445907, *2 (Bankr. S.D. Fla. Feb. 25, 2005) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)). In fact, "[n]umerous courts have acknowledged the rule's broad scope, holding that a Rule 2004 examination can be legitimately in the nature of a 'fishing expedition.'" *Id.* (citing *In the Matter of M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995).

16. Bankruptcy Rule 2004(c) and Local Rule 2004-1(D) specifically permit the compelled production of documents or electronically stored information.

17. Absent good cause, the "failure to serve written objections to a subpoena *duces tecum* within the time specified by Rule 45 constitutes a waiver of any objection, including

6

attorney-client privilege." *In re Hamrick*, No. 14-33814, 2015 WL 3965695, at *2 (Bankr. N.D. Ohio June 29, 2015). Mr. Klemming did not provide the Foreign Representatives with any formal or informal objection to the 2004 Subpoenas, 2004 Notices or any request for production contained therein by the applicable deadline of August 19, 2024. As such, he has waived any objections to production and should be required to produce all documents responsive to the Document Requests.

18. In a chapter 15 case, section 1521 authorizes the Court, upon request of a foreign representative, to enter an order "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations, or liabilities." 11 U.S.C. § 1521(a)(4). Indeed, as set forth in the Recognition Order, the Foreign Representatives may exercise the rights and powers of a trustee and are entitled to additional assistance and discretionary relief under sections 1507 and 1521(a). *See* Recognition Order, ¶¶ 8, m.

19. Courts have recognized that an examination of a producing party's electronic devices may be warranted when the producing party is "either unwilling or unable to conduct a search of their computer systems for documents responsive" to discovery requests. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012).

20. The Foreign Representatives have been seeking access to the Funds' books and records since their appointment as joint voluntary liquidators in the Cayman Proceedings on October 31, 2023. *See* Verified Petition, ¶¶ 4, 26. Indeed, the Foreign Representatives commenced these chapter 15 cases in part to take discovery of Mr. Klemming and other parties in the United States to obtain information regarding the Funds that has not been made available in the Cayman Proceedings. *See id*. "One of the significant objectives of chapter 15 is to provide judicial assistance to foreign representatives in gathering information which will enable them to comply

7

with their duties." *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 821 (Bankr. S.D.N.Y. 2018). The Foreign Representatives' request falls squarely within this objective. The formal Document Requests issued in these chapter 15 cases have been outstanding for nearly three months and the Foreign Representatives' investigation in the Cayman Proceedings has been ongoing for one year. The Foreign Representatives now seek this Court's assistance to gather information regarding the Funds' investment activities from the one party known to have access to it: Mr. Klemming.

21. While the Foreign Representatives have been willing to work with Mr. Klemming to facilitate the production of documents and confer on an ESI protocol to identify and locate responsive documents, Mr. Klemming has failed to provide complete production in response to the Document Requests, retain an ESI vendor to assist in the location and collection of responsive documents, or agree to grant the Foreign Representatives' ESI vendor access to his electronic devices. Mr. Klemming's repeated delays and drip-feeding of unresponsive documents have driven up costs to the Foreign Debtors' estates and extended the timeline of these chapter 15 cases.

22. The Foreign Representatives require the information sought in the Document Requests to investigate the financial affairs of the Foreign Debtors, review the Foreign Debtors' liabilities, identify and realize assets, and investigate and prosecute possible causes of action of the Foreign Debtors' estates. Simply put, Mr. Klemming, as a director of the Master Fund and Feeder Fund and Chair of Investment Manager, is one of few people – if not the only person – with access to the books, records and communications required to understand the Funds' investment activities.

23. The information sought in the Document Requests is essential to the effective discharge of the Foreign Representatives' duties in the Cayman Proceedings, is consistent with the

rights and responsibilities set forth in this Court's Recognition Order, and is expressly permitted by chapter 15 of the Bankruptcy Code. Moreover, because the Foreign Representatives have offered their ESI vendor to assist in the identification and location of responsive documents, compliance with the Document Requests should not unduly burden Mr. Klemming.

24. As a result, the Foreign Representatives request that the Court enter an order (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) directing Mr. Klemming to provide the Foreign Representatives' ESI vendor with access to the Sources of Documents to locate and identify responsive documents by performing the searches attached as Schedule 1 to the Deficiency Letter, and (iii) granting such other and further relief as the Court deems just and proper.

## CERTIFICATION UNDER LOCAL RULE 7026-1(F)

25. The undersigned counsel certifies that, prior to filing this Motion, on October 17, 2024, counsel for the Foreign Representatives conferred with Mr. Klemming via telephone in a good faith effort to resolve by agreement the issues raised in this Motion. As of the time of the filing of this Motion, however, the issues remain unresolved. In the event a consensual resolution is achieved before a hearing on the Motion, the Foreign Representatives will upload an agreed order for the Court's consideration.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Foreign Representatives seek entry of an order: (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) authorizing the Foreign Representatives' ESI vendor to perform the searches attached to the Deficiency Letter by accessing the Sources of Documents, and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: October 31, 2024<br>Miami, Florida | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Rachel Nanes*<br>Rachel Nanes (FL Bar No. 85167)<br>Nicole McLemore (FL Bar No. 1010885)<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 423-8500 (Main)<br>Telephone: (305) 423-8563 (Direct)<br>Facsimile: (305) 675-8206<br>Email: rachel.nanes@us.dlapiper.com<br>       nicole.mclemore@us.dlapiper.com<br><br>- and -<br><br>R. Craig Martin (admitted *pro hac vice*)<br>1201 North Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700 (Main)<br>Telephone: (302) 468-5655 (Direct)<br>Facsimile: (302) 778-7834<br>Email: craig.martin@us.dlapiper.com<br><br>*Counsel to the Foreign Representatives* |