**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>CAYMAN INVESTMENT FUNDS MASTER SPC (IN OFFICIAL LIQUIDATION), *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-16273 (EPK)<br><br>(Jointly Administered) |

**MOTION OF THE FOREIGN REPRESENTATIVES**
**TO COMPEL (I) ALLIANCE METALS, LLC, (II) TECHNOCON**
**INTERNATIONAL, INC., (III) SINAI HOLDINGS, LLC, (IV) ATHENA**
**MEDICAL MANAGEMENT GROUP, LLC, (V) JACOB GITMAN,**
**AND (VI) ARIEL GITMAN TO IMMEDIATELY PRODUCE DOCUMENTS**

Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators (in this capacity, jointly and severally, the "**Foreign Representatives**") of Cayman Investment Funds Master SPC (in Official Liquidation) (the "**Master Fund**") and Cayman Investment Funds SPC (in Official Liquidation) (the "**Feeder Fund**", together with the Master Fund, the "**Foreign Debtors**" or "**Funds**") under section 131 of the Cayman Islands Companies Act (2023 Revision) in official liquidation proceedings pending before the Grand Court of the Cayman Islands, Financial Services Division Cause Nos. 340 and 341 of 2023 (RPJ) (the "**Cayman Proceedings**"), by their undersigned counsel, respectfully submit this Motion seeking to compel (i) Alliance Metals, LLC ("**Alliance**"), (ii) Technocon International, Inc. ("**Technocon**"), (iii) Sinai Holdings, LLC ("**Sinai**") (iv) Athena Medical Management Group, LLC ("**Athena**"), (v) Jacob Gitman ("**J. Gitman**"), and (vi) Ariel Gitman ("**A. Gitman,**" and

---

[1]     The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's identification number, are: Cayman Investment Funds Master SPC (6367) and Cayman Investment Funds SPC (6368).  The location of the Debtors' service address for the purpose of these chapter 15 cases is: 3rd Floor, 90 North Church Street, George Town, Grand Cayman, Cayman Islands, KY1-1102.

collectively with Alliance, Technocon, Sinai, Athena, and J. Gitman, the "**Respondents**") to produce documents under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 45 of the Federal Rules of Civil Procedure (the "**Rules**"), and sections 105 and 1521 of title 11 of the United States Code (the "**Bankruptcy Code**").  In support of this Motion, the Foreign Representatives respectfully state as follows:

## BACKGROUND

I.    **The Foreign Representatives obtain recognition of the Cayman Proceedings and issue Bankruptcy Rule 2004 notices to the Respondents.**

1.     On July 24, 2024, this Court entered the *Unopposed Order (I) Granting Motion of the Foreign Representatives for Chapter 15 Recognition and Related Relief and (II) Cancelling Hearing* [ECF No. 25] (the "**Recognition Order**") granting recognition of the Cayman Proceedings in the territorial jurisdiction of the United States.  Since entry of the Recognition Order, the Foreign Representatives have been diligently investigating the affairs of the Foreign Debtors.

2.     On August 2 and 16, 2024—approximately 4 months ago—the Foreign Representatives served the Respondents with the notices of Bankruptcy Rule 2004 examination *deuces tecum* [ECF Nos. 33-35, 36, 39-41] (collectively, the "**2004 Notices**") and related subpoenas (collectively, the "**2004 Subpoenas**", and together with the 2004 Notices, the "**Document Requests**").  A summary of the Document Requests organized by the relevant Respondent is attached to this Motion as **Exhibit A**.

3.     The Foreign Representatives understand that the Respondents have in their possession, custody, or control, financial records and other documents related to the investment activities of the Funds.

II.    **The Foreign Representatives provide Respondents with multiple extensions of time to respond to the Document Requests.**

4.      The 2004 Subpoenas set initial deadlines of (i) September 3, 2024 for Respondents Alliance, A. Gitman, J. Gitman, and Technocon to produce information responsive to the Document Requests (the "**September 3 Deadline**") and (ii) September 16, 2024 for Respondents Sinai and Athena to produce information responsive to the Document Requests.

5.      On August 23, 2024, the Foreign Representatives conferred with counsel for Respondents regarding an extension of the September 3 Deadline and agreed to extend the September 3 Deadline to September 10, 2024.  This extension provided a total of 37 days for Respondents Alliance, A. Gitman, J. Gitman, and Technocon to make appropriate productions.

6.      On September 5, 2024, the Foreign Representatives provided an additional 7-day extension of the September 3 Deadline—from September 10 to September 17, 2024—with respect to Respondents A. Gitman and J. Gitman.  The additional extension provided a total of 44 days for Respondents A. Gitman and J. Gitman to respond to the Document Requests.

III.    **The Respondents make piecemeal productions and disengage from the Bankruptcy Rule 2004 process.**

*A.  The Alliance and Technocon Productions*

7.      On September 10, 2024, Respondents' counsel provided (i) a Sharefile link with initial productions from Alliance and Technocon (the "**Initial Alliance and Technocon Production**") and (ii) Alliance and Technocon's responses and objections to the Document Requests.

8.      The Respondents did not lodge any timely objections to the Document Requests or raise any privileges in response to the Document Requests.[2]

9.      After reviewing the Initial Alliance and Technocon Production, the Foreign Representatives determined that the responses were incomplete and insufficient.   As a result, counsel to the Foreign Representatives sent Alliance and Technocon the deficiency letters (the "**Initial Alliance and Technocon Deficiency Letters**" attached to this Motion as **Exhibit B** and **Exhibit C** on October 8, 2024.   The Initial Alliance and Technocon Deficiency Letters requested complete production of documents on or before October 15, 2024, or times to meet and confer regarding the productions before that date.   The Initial Alliance and Technocon Deficiency Letters also included narrowed requests in the interest of facilitating and expediting the production of responsive documents.

10.      Annex 1 to the Initial Alliance and Technocon Deficiency Letters also included a proposed ESI protocol to assist identifying and locating responsive documents.

**B.   The Sinai, A. Gitman, J. Gitman, and Athena Productions**

11.      On September 16, 2024, Respondents' counsel provided (i) a Sharefile link with initial productions from Sinai, A. Gitman, and J. Gitman (the "**Initial Sinai and Gitman Production**") and (ii) Sinai, A. Gitman, and J. Gitman's responses and objections to the Document Requests.

---

[2]      Alliance and Technocon's objections were untimely.   Bankruptcy Rule 9016 states that Rule 45 applies in cases arising under the Bankruptcy Code.   Objections to a subpoena are governed by Rule 45(d)(2)(B), which mandates that an objection "be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served."   Fed. R. Civ. P. 45(d)(2)(B) (emphasis added).   Bankruptcy Rule 9006(f) provides for an additional 3 days when there is a requirement to act within a prescribed period after being served by mail.   The Document Requests were served on August 2, 2024, and 14 days after that date (plus an additional 3 days for mail service) was August 19, 2024.   The initial time specified for compliance was September 3, 2024.   Alliance did not request, and the Foreign Representatives did not grant, an extension of the objection deadline.   As a result, the earlier time under Rule 45 was August 19, 2024, and all objections asserted after that date are untimely.

12.    The Sinai, A. Gitman, and J. Gitman Respondents did not lodge any timely objections to the Document Requests or raise any privileges in response to the Document Requests.[3]

13.    After reviewing the Initial Sinai and Gitman Production, the Foreign Representatives determined that the responses were incomplete and insufficient.  As a result, counsel to the Foreign Representatives sent Sinai and the Gitmans the deficiency letters (the "**Initial Sinai and Gitman Deficiency Letters**" attached to this Motion as **Exhibits D**, **E**, **F** and **G** on October 8, 2024.  The Initial Sinai and Gitman Deficiency Letters requested complete production of documents on or before October 15, 2024, or times to meet and confer regarding the productions before that date.  The Initial Sinai and Gitman Deficiency Letters also included narrowed requests in the interest of facilitating and expediting the production of responsive documents, as well as a proposed ESI protocol to assist identifying and locating responsive documents.

14.    On September 27, 2024, Respondents' counsel provided (i) a Sharefile link with initial productions from Athena (the "**Initial Athena Production**") and (ii) Athena's responses and objections to the Document Requests.[4]  After reviewing the Initial Athena Production, the Foreign Representatives determined that the Athena responses were also incomplete and insufficient.

15.    A summary of the current status of the production deficiencies for all Respondents is set forth at **Exhibit J**.

---

[3]    Like the Alliance and Technocon objections, the Sinai, A. Gitman, and J. Gitman objections were untimely under Rule 45.

[4]    Like the Alliance, Technocon, Sinai, A. Gitman, and J. Gitman and objections, the Athena objections were also untimely under Rule 45.

### C.  The Meet and Confer and Additional Production

16.     On October 15, 2024, counsel for the Foreign Representatives met and conferred with counsel for the Respondents regarding the Document Requests.  Counsel to the Respondents indicated that they would discuss outstanding requests with their clients and provide a certification if responsive documents do not exist.  The Respondents did not agree to an ESI search.

17.     On October 15, 2024, counsel to the Respondents provided certain of Sinai and Technocon's bank statements and two insurance documents for Sinai.  Respondents' counsel also indicated that Sinai and Technocon would continue to produce documents on a rolling basis and would request the documents discussed on the meet and confer call from the Respondents with the goal of producing responsive documents on or about the end of October.

18.     On November 1, 2024, counsel to the Respondents sent a letter (the "**November Letter**"), attached to this Motion as **Exhibit H**, which described efforts to produce additional documents following the meet and confer.  The November Letter indicated that Respondents' counsel requested documents from the Respondents, including certain emails between and among J. Gitman, Mr. Dennis Klemming, and Mr. Niklas Klemming, and that J. Gitman ran manual searches of his inbox.  Respondents' counsel could not certify that the search was exhaustive.

19.     The November Letter also indicated that Respondents' counsel requested other documents responsive to the Document Requests and would produce such documents "if we receive them."  *See* November Letter, ¶ 5.  While the November Letter contained a certification with respect to the information in the letter, it did not certify that all responsive documents had been produced or that exhaustive searches had been run and responsive documents did not exist.

### D.  *The Remaining Deficiencies*

20.     On November 27, 2024, the Foreign Representatives sent a final deficiency letter (the "**Final Letter**") with respect to the remaining deficiencies for all Respondents.  *See* **Exhibit I**.[5]  The Final Letter set forth the deficiencies, requested production of documents no later than December 6, 2024, and indicated that the Foreign Representatives would seek Court intervention if documents responsive to the Document Requests were not produced before that time.

21.     The Foreign Representatives did not receive a response to the Final Letter or any additional productions.

22.     Although the Respondents have provided some productions, the productions are unresponsive, limited to documents that appear to be selected by J. Gitman, or incomplete.  The Foreign Representatives' reasonable requests for basic information, such as financial records relied upon to prepare tax returns, have largely been ignored by the Respondents.  As a result, the documents provided to date are only partially responsive, and a majority of the Foreign Representatives' Document Requests remain outstanding.  A summary of the Respondents' productions is included below:

| Date | Production Content |
|---|---|
| September 10, 2024 | • Sharefile link containing 33 files |
| September 16, 2024 | • Sharefile link containing 15 files |
| September 27, 2024 | • Sharefile link containing 70 files |
| October 15, 2024 | • Two Sharefile links containing certain of Sinai and Technocon's bank statements (with missing pages or white-out redactions) and two insurance documents for Sinai |

---

[5]     To avoid duplication, Annex 1 and Schedule 1 to the Final Letter are omitted from Exhibit I and reproduced together in substantially the same form in Exhibit J.

| October 30, 2024 | • Sharefile link containing bank statements, including limited statements for Technocon, limited email communications, and tax and insurance documents |
| November 8, 2024 | • 3 Excel drawdown schedules |
| November 20, 2024 | • General liability insurance policies, including malpractice policies, relating to underlying Sinai clinics |

## **RELIEF REQUESTED**

23.     By this Motion, the Foreign Representatives request that the Court enter an order (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) directing Respondents to retain a mutually agreed upon ESI vendor with access to servers, workstations, and any other potentially relevant receptacles for storing ESI, including electronic devices (i.e., computer, laptop, tablet, and smart phone) (together, the "**Sources of Documents**") to locate and identify responsive documents, and (iii) granting such other and further relief as the Court deems just and proper.

## **BASIS FOR RELIEF REQUESTED**

24.     Bankruptcy Rule 2004 permits the examination of any entity with respect to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004.  Discovery under Bankruptcy Rule 2004 is, by its "nature extremely broad, and [is] allowed for the 'purpose of discovering assets and unearthing frauds.'" *In re Pan Am. Hosp. Corp.*, No. 04-11819-BKC-AJC, 2005 WL 2445907, *2 (Bankr. S.D. Fla. Feb. 25, 2005) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)).  In fact, "[n]umerous courts have acknowledged the rule's broad scope, holding that a Rule 2004 examination can be legitimately in the nature of a 'fishing expedition.'" *Id.* (citing *In the Matter of M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995).

25.     Bankruptcy Rule 2004(c) and Local Rule 2004-1(D) specifically permit the compelled production of documents or electronically stored information.

26.     Absent good cause, the "failure to serve written objections to a subpoena *duces tecum* within the time specified by Rule 45 constitutes a waiver of any objection, including attorney-client privilege." *In re Hamrick*, No. 14-33814, 2015 WL 3965695, at *2 (Bankr. N.D. Ohio June 29, 2015). The Respondents did not provide the Foreign Representatives with timely objections to the 2004 Subpoenas, 2004 Notices or any request for production contained therein. As such, the Respondents have waived any objections to production and should be required to produce all documents responsive to the Document Requests.

27.     In a chapter 15 case, section 1521 authorizes the Court, upon request of a foreign representative, to enter an order "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations, or liabilities." 11 U.S.C. § 1521(a)(4). Indeed, as set forth in the Recognition Order, the Foreign Representatives may exercise the rights and powers of a trustee and are entitled to additional assistance and discretionary relief under sections 1507 and 1521(a). *See* Recognition Order, ¶¶ 8, m.

28.     Courts have recognized that an examination of a producing party's electronic devices may be warranted when the producing party is "either unwilling or unable to conduct a search of their computer systems for documents responsive" to discovery requests. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012).

29.     The Foreign Representatives have been diligently attempting to investigate the financial affairs of the Funds since their appointment as joint voluntary liquidators in the Cayman Proceedings on October 31, 2023. *See* Verified Petition, ¶¶ 4, 26. Indeed, the Foreign

Representatives commenced these chapter 15 cases in part to take discovery of parties in the United States to obtain information regarding the Funds that has not been made available in the Cayman Proceedings. *See id.* "One of the significant objectives of chapter 15 is to provide judicial assistance to foreign representatives in gathering information which will enable them to comply with their duties." *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 821 (Bankr. S.D.N.Y. 2018). The Foreign Representatives' request falls squarely within this objective. The formal Document Requests issued in these chapter 15 cases have been outstanding for approximately four months, and the Foreign Representatives' investigation in the Cayman Proceedings has been ongoing for more than one year. The Foreign Representatives now seek this Court's assistance to compel production of documents that will allow the Foreign Representatives to complete their investigation and discharge their duties.

30.     While the Foreign Representatives have demonstrated a willingness to work with Respondents to facilitate the production of documents and confer on an ESI protocol to identify and locate responsive documents, the Respondents have failed to provide complete production in response to the Document Requests. The Foreign Representatives also understand that certain of the Respondents—if not all of the Respondents—have failed to retain an ESI vendor to assist in the location and collection of responsive documents. The Respondents have also not agreed to grant the Foreign Representatives' ESI vendor access to the Sources of Documents to run agreed-upon search terms. The Respondents' repeated delays and drip-feeding of largely unresponsive documents have driven up costs to the Foreign Debtors' estates and extended the timeline of these chapter 15 cases.

31.     The Foreign Representatives require the information sought in the Document Requests to investigate the financial affairs of the Foreign Debtors, review the Foreign Debtors'

liabilities, identify and realize assets, and investigate and prosecute possible causes of action of the Foreign Debtors' estates.

32.    The information sought in the Document Requests is essential to the effective discharge of the Foreign Representatives' duties in the Cayman Proceedings, is consistent with the rights and responsibilities set forth in this Court's Recognition Order, and is expressly permitted by chapter 15 of the Bankruptcy Code. Moreover, because the Foreign Representatives have offered their ESI vendor to assist in the identification and location of responsive documents, compliance with the Document Requests should not unduly burden any of the Respondents.

33.    As a result, the Foreign Representatives request that the Court enter an order (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) directing Respondents to retain a mutually agreed upon ESI vendor with access to the Sources of Documents to locate and identify responsive documents, and (iii) granting such other and further relief as the Court deems just and proper.

## CERTIFICATION UNDER LOCAL RULE 7026-1(F)

34.    The undersigned counsel certifies that, prior to filing this Motion, counsel for the Foreign Representatives conferred with counsel for the Respondents on multiple occasions, including via videoconference and email, in a good faith effort to resolve by agreement the issues raised in this Motion. As of the time of the filing of this Motion, however, the issues remain unresolved. In the event a consensual resolution is achieved before a hearing on the Motion, the Foreign Representatives will upload an agreed order for the Court's consideration.

**WHEREFORE**, the Foreign Representatives seek entry of an order: (i) compelling the immediate production of documents responsive to the Document Requests or, in the alternative, (ii) directing Respondents to retain a mutually agreed upon ESI vendor with access to the Sources

of Documents to locate and identify responsive documents, and (iii) granting such other and further

relief as the Court deems just and proper.

Dated: December 10, 2024
Miami, Florida

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Rachel Nanes*
Rachel Nanes (FL Bar No. 85167)
Nicole McLemore (FL Bar No. 1010885)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500 (Main)
Telephone: (305) 423-8563 (Direct)
Facsimile: (305) 675-8206
Email:  rachel.nanes@us.dlapiper.com
          nicole.mclemore@us.dlapiper.com

- and -

R. Craig Martin (admitted *pro hac vice*)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700 (Main)
Telephone: (302) 468-5655 (Direct)
Facsimile: (302) 778-7834
Email:  craig.martin@us.dlapiper.com

*Counsel to the Foreign Representatives*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was contemporaneously filed and served via electronic filing using the CM/ECF system with the Clerk of the Court, and via U.S.P.S. First Class Mail and e-mail service to all persons on the Service List below.

*/s/ Rachel Nanes*
Rachel Nanes (FL Bar No. 85167)

## SERVICE LIST

| Party Name | Mailing Address | E-mail |
|---|---|---|
| Office of the U.S. Trustee | 51 S.W. 1st Ave. Suite 1204 Miami, FL 33130-1614 | Heidi.A.Feinman@usdoj.gov |
| Alliance Metals, LLC; Technocon International, Inc.; Sinai Holdings, LLC; Athena Medical Management Group; Jacob Gitman; Ariel Gitman | c/o Stok Kon + Braverman 1 East Broward Blvd Suite 915 Fort Lauderdale, FL 33301 | tsandler@stoklaw.com JKon@stoklaw.com ykudan@stoklaw.com |

13