**EXHIBIT B**

**Alliance Letter**



**DLA Piper LLP (US)**
1201 North Market Street,
Suite 2100
Wilmington, DE 19801
www.dlapiper.com

R. Craig Martin
craig.martin@us.dlapiper.com
T  302.468.5655
F  302.778.7834

October 8, 2024
*Via E-Mail*

Alliance Metals LLC
c/o Joshua R. Kon
Stok Kon & Braverman
1 East Broward Boulevard
Suite 915
Fort Lauderdale, FL 33301
tsandler@stoklaw.com
JKon@stoklaw.com
ykudan@stoklaw.com
mcohen@stoklaw.com

Re:   *In re Cayman Investment Funds Master SPC (In Official Liquidation), et al.*, Case No. 24-16273 (EPK)

**Dear Mr. Kon:**

    As you know, this firm represents Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators and the duly authorized foreign representatives (in this capacity, jointly and severally, the "**Foreign Representatives**") of Cayman Investment Funds Master SPC (in Official Liquidation) and Cayman Investment Funds SPC (in Official Liquidation) in connection with the above-referenced matter. This letter is a good faith attempt to resolve a discovery dispute.

    On August 2, 2024, the Foreign Representatives propounded discovery [ECF No. 33] (the "**Document Requests**") under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on Alliance Metals LLC ("**Alliance**").[1] On or about September 10, 2024, Alliance provided incomplete responses consisting largely of objections to the Foreign Representatives' 2004 document discovery requests.

    As an initial matter, Alliance's objections are untimely. Bankruptcy Rule 9016 (Subpoena) states that Rule 45 of the Federal Rule of Civil Procedure (the "**Rules**") applies in cases arising under the title 11 the United States Code (the "**Bankruptcy Code**"). Objections to a subpoena are governed by Rule 45(d)(2)(B), which mandates that the "objection must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ.

---

[1]    Capitalized terms used but not defined in this letter have the meanings given to such terms in the Document Requests.



October 8, 2024

P. 45(d)(2)(B) (emphasis added).  Bankruptcy Rule 9006(f) provides for an additional 3 days when there is a requirement to act within a prescribed period after being served by mail.  Here, the Document Requests were served on Alliance on August 2, 2024, and 14 days after that date (plus an additional 3 days for mail service) was August 19, 2024.  The initial time specified for compliance with the Document Requests was September 3, 2024, which the Foreign Representatives extended to September 10, 2024 upon Alliance's request.[2]  As a result, the earlier time under Rule 45 was August 19, 2024, and any objections after that date are untimely.  Furthermore, each of the objections are also either improper or without adequate basis in fact or law.

Please let this letter serve as notice that Alliance's responses are incomplete and insufficient.  However, in the interest of resolving these issues in good faith, the Foreign Representatives propose that Alliance provide supplemental responses and responsive documents, as set forth below, by October 15, 2024 and provide dates and times that you are available to meet and confer by telephone or videoconference before that date regarding such responses and production.  Notwithstanding Alliance's untimely and improper objections, the Foreign Representatives have sought to narrow the scope of certain requests in the interest of facilitating and expediting the production of responsive documents.

**Requests for Production of Documents**

**Amended Request No. 1:**  Please produce an organizational chart reflecting the corporate structure, ownership, and management/control of Alliance Metals, and record of any changes thereto, during the Relevant Period.

This request has been amended to reflect the missing documents from Alliance's September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties.  The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Amended Request No. 3:**  Please produce an extract from Alliance Metals' management accounts of all general ledgers; adjusting journal entries; and bank reconciliations, for the Relevant Period.

Alliance objected to Request No. 3, asserting that the request is open-ended, overly burdensome and seeks financial information protected under Florida law.  Alliance does not state

---

[2] Alliance requested an extension of the time to produce documents on August 22, 2024, which was after expiration of the August 19, 2024 objection deadline.  Alliance did not request, and the Foreign Representatives did not grant, an extension of the objection deadline.



October 8, 2024

what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Alliance's contentions as improper or without adequate basis in fact or law, however, in t:he interest of resolving these issues, the Foreign Representatives have amended this request to reflect the missing documents from Alliance's September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 5:** Please produce All Documents relating to each insurance policy held by Alliance Metals during the Relevant Period, including all contracts, proofs of insurance, and related Documents.

Alliance produced a certificate of liability insurance in response to this request. Alliance's production is insufficient, and the Foreign Representatives are entitled to all responsive documents with respect to this request.

**Amended Request No. 6:** Please produce all audited and unaudited financial statement(s) of Alliance Metals (including all audit engagement letters) for the Relevant Period. If an audit was not performed for a period during the Relevant Period, please confirm in writing.

Alliance objected to Request No. 6, asserting that the request is open-ended, overly burdensome and seeks financial information protected under Florida law. Alliance does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Alliance's contentions as improper or without adequate basis in fact or law, however, in the interest of resolving these issues, the Foreign Representatives have amended this request to reflect the missing documents from Alliance's September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 7:** Please provide a current statement of financial position, cash flow and income statement, together with all supporting Documents necessary to verify the current financial position of Alliance Metals.

Alliance objected to this request, asserting that Alliance is not required to create documents in response to a subpoena and that the subpoena seeks information protected under Florida law. Alliance does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Alliance's contentions as improper or without adequate basis in fact or law.



October 8, 2024

      Alliance did not produce any relevant documents in connection with this request. The Foreign Representatives are entitled to all responsive documents with respect to this request. If responsive documents do not exist, *i.e.*, if Alliance does not maintain financial records regarding its financial position, cash flow and income statement, please state so accordingly.

**Amended Request No. 8:**    Please produce all Communications concerning the MLA (including but not limited to drawdowns, utilization of funds, repayment, forbearance, and accounts receivable pledged as security) between You and any and all representatives of the Foreign Debtors, including, but not limited to, U.S. Investment Manager, LLC, Prudent Group, Mr. Dennis Klemming, Mr. Niklas Klemming, Mr. Gareth Williams, and Mr. Richard Reich.

      Alliance objected to Request No. 8, arguing that the request is overly burdensome because it would require production of thousands of emails. Alliance also contends that the request would not be allowed without first establishing electronically stored information ("**ESI**") protocols and determining whether cost-shifting is appropriate.

      The Foreign Representatives disagree with Alliance's contentions, however, in the interest of amicably resolving these issues, the Foreign Representatives have amended this request as set forth above and proposed the ESI protocol attached as **Annex 1** to this letter.

      The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 11:**    Please produce copies of all bank statements for the Relevant Period in respect of:

        a) Alliance Metals, Chase Bank Account No. ▇▇▇▇7553, and any and all other Borrower's Bank Accounts and Operational Accounts of Alliance Metals (as defined by section 4 of the MLA); and

        b) Alliance Metals, First Metro Bank Account No. ▇▇7013;

        c) All DACA Deposit accounts maintained for proceeds of any receivables pledged under the MLA; and

        d) any other bank account in the name of Alliance Metals for the Relevant Period.



October 8, 2024

Alliance objected to this request, asserting that the request is open-ended, overly burdensome and seeks financial information protected under Florida law. Alliance does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Alliance's contentions as improper or without adequate basis in fact or law and refer Alliance to the Lender's access, view, review and control rights set out under clause 4(b) of the MLA. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 13:** Please produce a schedule detailing all security granted in respect of the obligations created under the MLA, including, but not limited to:

a) All assigned and pledged receivables (together with copies of all corresponding invoices);

b) Details of when those invoices were paid, amount paid and details of the accounts(s) into which proceeds were paid (including account name, number and banking institution); and

c) How those proceeds were utilized thereafter.

Alliance did not produce any relevant documents in connection with this request, indicating that two employees of Alliance have been out of the office. The Foreign Representatives are entitled to all responsive documents with respect to this request and seek their immediate production.

**Repeated Request No. 14:** Please produce all Draw Down Notices issued under the MLA, together with all supporting Documents and Communications in connection therewith.

Alliance did not produce any relevant documents in connection with this request, indicating that two employees of Alliance have been out of the office. The Foreign Representatives are entitled to all responsive documents with respect to this request and seek their immediate production.

**Amended Request No. 15:** Please produce All Documents and Communications related to any utilization of the following funds advanced under the terms of the MLA. Where the following funds were used to purchase equipment and metals in the "lists of equipment and metals" referenced in response to this request under the September 10, 2024 response,



October 8, 2024

please specify and reference the specific assets funded by the below drawdowns:

| Date | Loan | Currency | Drawdown Amount |
|---|---|---|---|
| 12-Sep-18 | NAO E1-091118 USD | USD | 250,000 |
| 15-Nov-18 | NAO E1-091118 USD | USD | 2,000,000 |
| 07-Mar-19 | NAO E1-091118 USD | USD | 450,000 |
| 03-Apr-19 | NAO E1-091118 USD | USD | 300,000 |
| 01-May-19 | NAO E1-091118 USD | USD | 1,000,000 |
| 13-Aug-19 | NAO E1-091118 USD | USD | 997,558 |
| 05-Sep-19 | NAO E1-091118 USD | USD | 978,311 |
| 06-Mar-20 | NAO E1-091118 USD | USD | 1,750,000 |
| 12-Mar-20 | NAO E1-091118 USD | USD | 1,735,000 |
| 24-Jul-20 | NAO E1-091118 CAD | CAD | 425,000 |
| 24-Nov-21 | NAO E1-091118 USD | USD | 2,652,300 |
| 20-Apr-22 | NAO E1-091118 CAD | CAD | 260,000 |

Please provide clarification with respect to Alliance's response to Request No. 15, as indicated by the amended request above.

**Amended Request No. 16:** Please produce All Documents and Communications surrounding the origination of the MLA.

Please provide clarification with respect to Alliance's response to Request No. 16, as indicated by the amended request above.

**Amended Request No. 18:** Please produce copies of fully executed sale/purchase agreements, PAID invoices, proof of payment or any other relevant Documents evidencing Alliance Metals' ownership of the following assets and details of any security pledged.

   a) Various items of plant and equipment supplied and installed by JW Jones Company, LLC contained in the invoice no. 6464 dated January 31, 2019.

   b) 114' long Ingot Casting Conveyor supplied and installed by Henderson Fabricating Co., Inc. contained in quotation no. 07262021 dated July 26, 2021.



October 8, 2024

    c) 200,000# Aluminum Side Well Melting Furnace supplied and installed by Henderson Fabricating Co., Inc. contained in the Proposal dated August 11, 2021.

    d) Dust Collection System supplied by ETA Engineering, Inc. contained in the Revised Scope of Work dated February 21, 2022.

    e) Scrap Processing Equipment supplied by Colonial Brick Company contained in the Wire Instructions dated September 14, 2021.

    f) Sow pouring trough, sow casting rack and the sow launder platform supplied and installed by Henderson Fabricating Co., Inc. contained in the Price Estimate dated July 1, 2021.

    g) Various items of plant and equipment and associated installation by Steinert US contained in the Customer Estimate No. QE18056-02 dated April 7, 2021.

    h) 50,000 lb. capacity straight tilting Rotary Furnace, supplied and installed by Mansell and & Associates, LLC. contained in the Quote 121118 dated December 11, 2018.

    i) Various items of plant and equipment and associated installation by US Conveyor Technologies contained in the Proposal Layout Q0138-LAYOUT-R1 dated April 26, 2021.

    j) X-ray Recovery System supplied and installed by US Conveyor Systems contained in Sales Order No. R167 dated April 30, 2021.

Please provide clarification with respect to Alliance's response to Request No. 18, as indicated by the amended request above.

**Amended Request No. 19:** Please produce copies of all financing agreements, including factoring agreements, with the following parties, including details of any security or receivables pledged and confirmation of the outstanding balance under those agreements:



October 8, 2024

      a) HYG Financial Services Inc.;

      b) U.S. Small Business Administration;

      c) Amerant Equipment Finance; and

      d) Any other lender to Alliance.

  Please provide clarification with respect to Alliance's response to Request No. 19, as indicated by the amended request above.

  In sum, Alliance's responses to the Foreign Representatives' Document Requests are inadequate at this time. The Foreign Representatives request that Alliance amend its responses to the Document Requests to address the inadequacies identified in this letter, produce all responsive documents on or before October 15, 2024 and provide dates and times that you are available to meet and confer by telephone or videoconference before October 15, 2024 regarding such responses and production.

Best regards,

**DLA Piper LLP (US)**


R. Craig Martin



October 8, 2024

# Annex 1

## Proposed ESI Format

1. The collection and disclosure of electronic documents and data must be conducted in such a way as to preserve the original metadata, including document creation dates.

2. Electronic copies of all documents are to be provided in their native format, with the exception of scanned hard copy documents and documents containing redactions, both of which will be provided meeting the criteria as set out in paragraph 4 below. All documents that have not been redacted should be provided with the document's full text/OCR, as applicable; all documents containing redactions are required to have text/OCR generated post redaction. Excel documents are to be provided natively with any redactions made in the base document. This should be provided together with the associated coded data as per paragraph 5 below.

3. The production will include Load Files and will be organized as described in paragraph 4, below.

4. The Foreign Representatives request that document production(s) meet the following criteria:

    a. Each production volume or delivery set should be incorporated into a load file (DAT), with all agreed upon metadata, and an Opticon image load file (OPT).
    b. Imaged Documents (scanned hard copy documents and documents containing redactions) must be Bates Labelled/Numbered at the page level, except for documents produced in Native format and text, which should be done at the document level.
    c. Images should be submitted as Group IV single pages tiffs with accompanying Opticon (OPT) image load file.

5. Metadata must include the following fields (when available):

    a. All Custodians
    b. Author
    c. Bcc
    d. Beg Prod Attach
    e. BegProd
    f. CC
    g. Confidentiality



October 8, 2024

    h.  Custodian
    i.  Date & Time Last Created
    j.  Date & Time Last Modified
    k.  Date & Time Received
    l.  Date & Time Sent
    m.  De-Duped Custodians
    n.  De-Duped Path
    o.  Doc Extension
    p.  Email Subject
    q.  End Prod Attach
    r.  EndProd
    s.  Filename
    t.  From
    u.  Has Redactions
    v.  HasComments
    w.  HasHiddeColumn
    x.  HasHiddenRow
    y.  HasHiddenSheet
    z.  MD5hash
    aa.  NativeLink
    bb.  Source Path
    cc.  TextPath
    dd.  Time Zone Field
    ee.  Time Zone Processed
    ff.  Title
    gg.  To

  6.  Subject to any permissible redactions that may be required, where an email is identified as relevant, and it forms part of an email chain, the entire email chain is to be disclosed. Email families must be produced in their entirety unless an attachment is being withheld for privilege – in that case, the withheld item must be produced with a "Withheld for Privilege" slipsheet.  The parties agree to meet and confer with respect to the format of production for the particular document being requested.

  7.  The parties agree to confer regarding any production issues, including the need for rolling production, at least three business days before the production is due.

  8.  The parties agree to, as an initial matter, utilize the search terms below with respect to the Document Requests and produce all resulting responsive Documents:



October 8, 2024

a. Alliance
b. Amerant
c. "America Opportunity"
d. Athena
e. Audit
f. Borrower
g. Call Notice
h. "Cayman Investment"
i. Chase
j. CN
k. CT
l. DD
m. DCL
n. Default
o. "Deposit Account Control Agreement" or DACA
p. "Diversified" and Corp
q. "Draw Down"
r. Email BCC contains "@prudentgroup.us"
s. Email CC contains "@prudentgroup.us"
t. Email from contains "@prudentgroup.us"
u. Email to contains "@prudentgroup.us"
v. Factor
w. g.williams01@icloud.com
x. Intercreditor
y. Lender
z. Lien
aa. Loan
bb. "lock box"
cc. "Master Loan Agreement" or MLA
dd. Metro
ee. NAO
ff. NCB
gg. Receivable
hh. Sinai
ii. Truewind
jj. TW or TWs or TW's
kk. UCC



October 8, 2024

9. Following review of the results of the key word searches included in this protocol, the Foreign Representatives may propose additional key word searches, which have been identified as having the potential to return documents relevant to the Document Requests.

10. The cost of preserving, collecting, and producing documents shall be borne by the producing party. In the event, however, that a party requests documents that would result in the production of cumulative or repetitive information that otherwise imposes an undue burden or expense, the producing party may object. The parties shall work to resolve any such objection.