# EXHIBIT C

**Technocon Letter**




**DLA Piper LLP (US)**
1201 North Market Street,
Suite 2100
Wilmington, DE 19801
www.dlapiper.com

R. Craig Martin
craig.martin@us.dlapiper.com
T 302.468.5655
F 302.778.7834

October 8, 2024
*Via E-Mail and U.S.P.S. Mail*

Technocon International, Inc.
c/o Joshua R. Kon
Stok Kon & Braverman
1 East Broward Boulevard
Suite 915
Fort Lauderdale, FL 33301
tsandler@stoklaw.com
JKon@stoklaw.com
ykudan@stoklaw.com
mcohen@stoklaw.com

- and -

1111 Kane Concourse
518
Bay Harbour Islands, FL 33154

Re: *In re Cayman Investment Funds Master SPC (In Official Liquidation), et al.*, Case No. 24-16273 (EPK)

**Dear Mr. Kon:**

As you know, this firm represents Samuel Cole and Mitchell Mansfield of Kroll (Cayman) Limited, in their capacities as Joint Official Liquidators and the duly authorized foreign representatives (in this capacity, jointly and severally, the "**Foreign Representatives**") of Cayman Investment Funds Master SPC (in Official Liquidation) and Cayman Investment Funds SPC (in Official Liquidation) in connection with the above-referenced matter. This letter is a good faith attempt to resolve a discovery dispute.

On August 2, 2024, the Foreign Representatives propounded discovery [ECF No. 36] (the "**Document Requests**") under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on Technocon International, Inc. ("**Technocon**").[1] On or about September

[1] Capitalized terms used but not defined in this letter have the meanings given to such terms in the Document Requests.






10, 2024, Technocon provided incomplete responses consisting largely of objections to the Foreign Representatives' 2004 document discovery requests.

As an initial matter, Technocon's objections are untimely. Bankruptcy Rule 9016 (Subpoena) states that Rule 45 of the Federal Rule of Civil Procedure (the "**Rules**") applies in cases arising under the title 11 the United States Code (the "**Bankruptcy Code**"). Objections to a subpoena are governed by Rule 45(d)(2)(B), which mandates that the "objection must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Bankruptcy Rule 9006(f) provides for an additional 3 days when there is a requirement to act within a prescribed period after being served by mail. Here, the Document Requests were served on Technocon on August 2, 2024, and 14 days after that date (plus an additional 3 days for mail service) was August 19, 2024. The initial time specified for compliance with the Document Requests was September 3, 2024, which the Foreign Representatives extended to September 10, 2024 upon Technocon's request.[2] As a result, the earlier time under Rule 45 was August 19, 2024, and any objections after that date are untimely. Further, each of the objections are also either improper or without adequate basis in fact or law.

Please let this letter serve as notice that Technocon's responses are incomplete and insufficient. However, in the interest of resolving these issues in good faith, the Foreign Representatives propose that Technocon provide supplemental responses and responsive documents, as set forth below, by October 15, 2024 and provide dates and times that you are available to meet and confer by telephone or videoconference before that date. Notwithstanding Technocon's untimely and improper objections, the Foreign Representatives have sought to narrow the scope of certain requests in the interest of facilitating and expediting the production of responsive documents.

**Requests for Production of Documents**

**Amended Request No. 1:** Please produce an organizational chart reflecting the corporate structure, ownership, and management/control of Technocon, and record of any changes thereto, during the Relevant Period.

Technocon objected to Request No. 1, asserting that the request is open-ended and overly burdensome. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law, however, in the interest of resolving these issues, the Foreign Representatives have amended this request to reflect the missing documents from Technocon's

[2] Technocon requested an extension of the time to produce documents on August 22, 2024, which was after expiration of the August 19, 2024 objection deadline. Technocon did not request, and the Foreign Representatives did not grant, an extension of the objection deadline.






September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Amended Request No. 3:** Please produce in Microsoft Excel format, an extract from Technocon's management accounts of all general ledgers; adjusting journal entries; and bank reconciliations, for the Relevant Period.

Technocon objected to Request No. 3, asserting that the request is open-ended, overly burdensome, and not reasonably calculated to obtain admissible documents. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law, however, in the interest of resolving these issues, the Foreign Representatives have amended this request to reflect the missing documents from Technocon's September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties.

Technocon did not produce any relevant documents in connection with this request. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Amended Request No. 4:** Please produce All Documents relating to asset or liability transfers to and from Technocon and its affiliates and related entities for the Relevant Period, for transaction values greater than or equal to $100,000.

Request No. 4 has been amended to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 5:** Please produce all Documents relating to each insurance policy held by Technocon during the Relevant Period, including all contracts, proofs of insurance, and related Documents.

Technocon did not produce any relevant documents in connection with this request, indicating that two employees of Technocon have been out of the office. The Foreign Representatives are entitled to all responsive documents with respect to this request and seek their immediate production.

**Amended Request No. 6:** Please produce all audited and unaudited financial statement(s) of Technocon (including all audit engagement letters) for the Relevant






Period. Where an audit was not performed for a period during the Relevant Period, please confirm in writing.

Technocon objected to Request No. 6, asserting that the request seeks financial information protected under Florida law. Technocon does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law, however, in the interest of resolving these issues, the Foreign Representatives have amended this request to reflect the missing documents from Technocon's September 10, 2024 production and to seek production of only the minimum documents required by the Foreign Representatives to discharge their duties. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 7:** Please provide a current statement of financial position, cash flow and income statement, together with all supporting Documents necessary to verify the current financial position of Technocon.

Technocon objected to Request No. 7, asserting that Technocon is not required to create documents in response to a subpoena and that the subpoena seeks information protected under Florida law. Technocon does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law.

Technocon did not produce any relevant documents in connection with this request. The Foreign Representatives are entitled to all responsive documents with respect to this request. If responsive documents do not exist, *i.e.*, if Technocon does not maintain financial records regarding its financial position, cash flow and income statement, please state so accordingly.

**Repeated Request No. 8:** Please produce all Communications between You and any and all representatives of the Foreign Debtors, including, but not limited to, U.S. Investment Manager, LLC; Prudent Group, Mr. Dennis Klemming, Mr. Niklas Klemming, Mr. Gareth Williams and Mr. Richard Reich.

Technocon objected to Request No. 8, arguing that the request is overly burdensome because it would require production of thousands of emails. Technocon also contends that the request would not be allowed without first establishing electronically stored information ("**ESI**") protocols and determining whether cost-shifting is appropriate.






The Foreign Representatives disagree with Technocon's contentions, however, in the interest of amicably resolving these issues, the Foreign Representatives have proposed the ESI protocol attached as **Annex 1** to this letter.

The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 11:** Please produce copies of all bank statements for the Relevant Period in respect of:

a) Alliance Metals, Chase Bank Account No. [redacted]7553, Technocon International Inc, Amerant Bank Account No. [redacted]5206 and any and all other Borrower's Bank Accounts and Operational Accounts (as defined by section 4 of the MLA); and

b) any other bank account in the name of Technocon for the Relevant Period.

Technocon objected to Request No. 11, asserting that the request is open-ended, overly burdensome and seeks financial information protected under Florida law. Technocon does not state what, if any, Florida law it is referring to, nor does it explain how such law applies to this request. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law and refer Technocon to the Lender's access, view, review and control rights set out under clause 4(b) of the MLA. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Repeated Request No. 13:** Please produce a schedule detailing all security granted in respect of the obligations created under the MLA, including, but not limited to:

a) All assigned and pledged receivables (together with copies of all corresponding invoices provided as security);

b) Details of when those invoices were paid, amount paid and details of the accounts(s) into which proceeds were paid (including account name, number, institution); and

c) How those proceeds were utilized thereafter.





Technocon did not produce any relevant documents in connection with this request, indicating that two employees of Technocon have been out of the office. The Foreign Representatives are entitled to all responsive documents with respect to this request and seek their immediate production.

**Repeated Request No. 14:** Please produce all Draw Down Notices issued under the MLA, together with all supporting Documents and Communications in connection therewith.

Technocon did not produce any relevant documents in connection with this request, indicating that two employees of Technocon have been out of the office. The Foreign Representatives are entitled to all responsive documents with respect to this request and seek their immediate production.

**Amended Request No. 15:** Please produce All Documents and Communications related to any utilization of the following funds advanced to Technocon under the terms of the MLA. Where the following funds were used to purchase equipment and metals in the "lists of equipment and metals" referenced in response to this request under the September 10, 2024 response, please specify and reference the specific assets funded by the below drawdowns:

| Date | Loan | Currency | Drawdown Amount |
|---|---|---|---|
| 12-Sep-18 | NAO E1-091118 USD | USD | 250,000 |
| 15-Nov-18 | NAO E1-091118 USD | USD | 2,000,000 |
| 07-Mar-19 | NAO E1-091118 USD | USD | 450,000 |
| 03-Apr-19 | NAO E1-091118 USD | USD | 300,000 |
| 01-May-19 | NAO E1-091118 USD | USD | 1,000,000 |
| 13-Aug-19 | NAO E1-091118 USD | USD | 997,558 |
| 05-Sep-19 | NAO E1-091118 USD | USD | 978,311 |
| 06-Mar-20 | NAO E1-091118 USD | USD | 1,750,000 |
| 12-Mar-20 | NAO E1-091118 USD | USD | 1,735,000 |
| 24-Jul-20 | NAO E1-091118 CAD | CAD | 425,000 |
| 24-Nov-21 | NAO E1-091118 USD | USD | 2,652,300 |
| 20-Apr-22 | NAO E1-091118 CAD | CAD | 260,000 |

Please provide clarification with respect to Technocon's response for Request No. 15, as indicated by the amended request above.






**Amended Request No. 16:** Please produce All Documents and Communications surrounding the origination of the MLA.

Please provide clarification with respect to Technocon's response to Request No. 16, as indicated by the amended request above.

**Repeated Request No. 17:** Please produce a schedule of all transfers of funds equal to or greater than $50,000 during the Relevant Period from and to Technocon, and its affiliates or related entities, where the transferor/recipient was:

a) The Foreign Debtors (to the extent not produced under Request for Production No. 15)

b) Alliance Metals LLC;

c) Sinai Holdings LLC;

d) Athena Medical Management Group LLC; or

e) Any related party.

Please specify the applicable accounts, dates, amounts and purpose of the funds transferred.

Technocon objected to Request No. 17, asserting that the request is open-ended, overly burdensome and seeks financial information protected under Florida law. Technocon does not state what, if any, Florida law it is referring to, nor does it explain how any such law applies to this request. The Foreign Representatives disagree with Technocon's contentions as improper or without adequate basis in fact or law. The Foreign Representatives are entitled to all responsive documents with respect to this request.

**Amended Request No. 18:** Please produce copies of sale/purchase agreements, invoices or any other relevant Documents evidencing Technocon's ownership of any assets.

Please provide clarification with respect to Technocon's response to Request No. 18, as indicated by the amended request above.

**Amended Request No. 19:** Please produce copies of all financing agreements, including factoring agreements with the following parties, including details of






any security or receivables pledged and confirmation of the outstanding balance under those agreements:

a) Caterpillar Financial Services Corporation; and

b) UniCarriers Capital.

Please provide clarification with respect to Technocon's response to Request No. 19, as indicated by the amended request above.

**Repeated Request No. 20:** Please produce all Documents and Communications reflecting director resolutions and shareholder resolutions of Technocon, and any materials prepared in connection with any Technocon board meetings, including board meeting minutes, for the Relevant Period.

Technocon produced bylaws and articles of incorporation in response to this request. The Foreign Representatives are entitled to all responsive documents with respect to this request. If responsive documents do not exist, please state so accordingly.

**Repeated Request No. 21:** Please produce all Documents and Communications other than those referenced in any of the foregoing requests, concerning the financial or business dealings of Technocon, or any affiliates or **related** parties, with the Foreign Debtors or any party known to be, or which may be considered likely to be, a related party of the Foreign Debtors, and Technocon and its affiliates and related entities or parties

Technocon objected to Request No. 21, arguing that the request is overly broad and burdensome because it would require Technocon employees to conduct exhaustive searches of their inboxes.

The Foreign Representatives disagree with Technocon's contentions, however, in the interest of amicably resolving these issues, the Foreign Representatives have proposed the ESI protocol attached as **Annex 1** to this letter.

The Foreign Representatives are entitled to all responsive documents with respect to this request.

In sum, Technocon's responses to the Foreign Representatives' Document Requests are inadequate at this time. The Foreign Representatives request that Technocon amend its responses





to the Document Requests to address the inadequacies identified in this letter, produce all responsive documents on or before October 15, 2024 and provide dates and times that you are available to meet and confer by telephone or videoconference before that date.

Best regards,

**DLA Piper LLP (US)**

R. Craig Martin



October 8, 2024

**Annex 1**

**Proposed ESI Format**

1. The collection and disclosure of electronic documents and data must be conducted in such a way as to preserve the original metadata, including document creation dates.

2. Electronic copies of all documents are to be provided in their native format, with the exception of scanned hard copy documents and documents containing redactions, both of which will be provided meeting the criteria as set out in paragraph 4 below. All documents that have not been redacted should be provided with the document's full text/OCR, as applicable; all documents containing redactions are required to have text/OCR generated post redaction. Excel documents are to be provided natively with any redactions made in the base document. This should be provided together with the associated coded data as per paragraph 5 below.

3. The production will include load files and will be organized as described in paragraph 4, below.

4. The Foreign Representatives request that document production(s) meet the following criteria:

a. Each production volume or delivery set should be incorporated into a load file (DAT), with all agreed upon metadata, and an Opticon image load file (OPT).
b. Imaged Documents (scanned hard copy documents and documents containing redactions) must be Bates Labelled/Numbered at the page level, except for documents produced in Native format and text, which should be done at the document level.
c. Images should be submitted as Group IV single pages tiffs with accompanying Opticon (OPT) image load file.

5. Metadata must include the following fields (when available):

a. All Custodians
b. Author
c. Bcc
d. Beg Prod Attach
e. BegProd
f. CC
g. Confidentiality




October 8, 2024

h. Custodian
i. Date & Time Last Created
j. Date & Time Last Modified
k. Date & Time Received
l. Date & Time Sent
m. De-Duped Custodians
n. De-Duped Path
o. Doc Extension
p. Email Subject
q. End Prod Attach
r. EndProd
s. Filename
t. From
u. Has Redactions
v. HasComments
w. HasHiddeColumn
x. HasHiddenRow
y. HasHiddenSheet
z. MD5hash
aa. NativeLink
bb. Source Path
cc. TextPath
dd. Time Zone Field
ee. Time Zone Processed
ff. Title
gg. To

6. Subject to any permissible redactions that may be required, where an email is identified as relevant, and it forms part of an email chain, the entire email chain is to be disclosed. Email families must be produced in their entirety unless an attachment is being withheld for privilege – in that case, the withheld item must be produced with a "Withheld for Privilege" slipsheet. The parties agree to meet and confer with respect to the format of production for the particular document being requested.

7. The parties agree to confer regarding any production issues, including the need for rolling production, at least three business days before the production is due.

8. The parties agree to, as an initial matter, utilize the search terms below with respect to the Document Requests and produce all resulting responsive Documents:




October 8, 2024

a. Alliance
b. Amerant
c. America Opportunity
d. Athena
e. Audit
f. Borrower
g. Call Notice or CN
h. Caterpillar
i. Cayman Investment
j. Chase
k. CT
l. DCL
m. DD or Draw Down
n. Default
o. Deposit Account Control Agreement or DACA
p. Diversified or Corp
q. Email BCC contains "@prudentgroup.us"
r. Email CC contains "@prudentgroup.us"
s. Email from contains "@prudentgroup.us"
t. Email to contains "@prudentgroup.us"
u. Factor
v. g.williams01@icloud.com
w. Gareth
x. Intercreditor
y. Lender
z. Lien
aa. "lock box" or lockbox
bb. Metro
cc. NAO
dd. NCB
ee. Receivable
ff. Sinai
gg. Technocon
hh. Transact!
ii. Transf! /10 Technocon[3]
jj. Truewind or TW or TWs or TW's
kk. UCC

[3] Terms separated by "/10" should be searched within ten (10) words of each other.






ll. UniCarrier
mm. "U.S. Investment" *or* "US Investment" *or* USIM

9. Following review of the results of the key word searches included in this protocol, the Foreign Representatives may propose additional key word searches, which have been identified as having the potential to return documents relevant to the Document Requests.

10. The cost of preserving, collecting, and producing documents shall be borne by the producing party. In the event, however, that a party requests documents that would result in the production of cumulative or repetitive information that otherwise imposes an undue burden or expense, the producing party may object. The parties shall work to resolve any such objection.